CHICAGO—FIRST DISTRICT—JUNE, 1916.     637

Post & Lester Co. v. Chicago Flexible Shaft Co., 199 Ill. App. 637.

## Post & Lester Company, Defendant in Error, v. Chicago Flexible Shaft Company, Plaintiff in Error.

### Gen. No. 21,221.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed June 19, 1916.

### Statement of the Case.

Action by Post & Lester Company, a corporation, plaintiff, against Chicago Flexible Company, a corporation, defendant, to recover for certain merchandise sold and delivered to the defendant by the plaintiff. To the statement of claim filed by the plaintiff, the defendant filed an affidavit of merits setting up its defense and a statement of set-off which, on motion of plaintiff, was stricken from the files. Defendant subsequently, at different times, by leave of court, filed a second, third and fourth affidavit of merits and statement of set-off and a fifth statement of set-off, each of which was successively stricken from the files on motion of plaintiff. Afterwards, no further defense being made, judgment by default was entered in favor of plaintiff. To reverse this judgment, defendant prosecutes this writ of error.

The defendant contended that the court erred in striking its fourth affidavit of merits and fifth statement of set-off from the files, and in entering judgment in favor of the plaintiff.

Plaintiff's statement of claim showed in tabulated form that the plaintiff sold to the defendant seven different items of merchandise, consisting of brass tubing; that these different items were sold to the defendant on five different dates, the first being on June 19, 1911, and the last on August 19, 1911; that the price charged for the tubing was six cents per foot; that the

total for the seven items amounted to $1,675.86; that the defendant made a cash payment of $1,219.73 on September 14, 1911; that the balance due plaintiff from defendant was $456.13, with interest. The fourth affidavit of merits did not deny that the balance as stated in plaintiff's statement of claim was the correct amount. Defendant averred that plaintiff's statement of claim showed only a small portion of a running account, continuing from September 10, 1907, to May 21, 1912, but made no attempt to set out the account in full. Certain payments were alleged to have been made by the defendant on November 21, 1911, and May 21, 1912. There was no allegation that they were not properly credited or that those payments were made for any of the items for which the plaintiff sought to recover. Defendant averred that certain goods, of the value of $456.13 were returned to the plaintiff on account of alleged defects. There was no allegation that the plaintiff refused to accept the goods so returned or refused to give credit therefor; nor was there any allegation that the plaintiff was seeking to recover for the value of these goods. The defendant further stated that on a certain other occasion it returned other goods to the plaintiff and received a credit of $42.98, and that it was a custom of the trade to return defective goods.

Defendant's fifth amended statement of set-off claimed $1,400 for loss and damage "sustained by this defendant by reason of the said defective brass tubing used in the manufacture of flexible shafts, and by reason of said brass tubing being defective the said flexible shafts so manufactured and sold by this defendant were defective and were returned to this defendant by its customers; that each of said flexible shafts so defective and returned to this defendant contained fifty inches or more of said defective brass tubing and that said brass tubing was sold to this defendant at the

rate of five and seven-eights cents per foot and was charged to this defendant at said rate in said account above mentioned, a part of which account is set forth in the plaintiff's statement of claim; that a list of the number of said defective shafts, and the dates upon which they were returned to this defendant by its customers, is contained in the statement hereto attached." It was further alleged that defendant suffered loss and damage by reason of the expense of labor and other materials used in the manufacture of the defective shafts.

The list attached to defendant's statement of set-off showed the date of return and the number of shafts returned on each date. There was no showing as to the amount of damages on each item; nor was there any showing as to how much of defendant's claim was made up of the expense of labor and other materials used in the manufacture of the shafts.

HAY & BROWN, for plaintiff in error.

BENTLEY, BURLING & SWAN, for defendant in error; PRESTON KUMLER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1.  MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits and set-off properly stricken from files.* In an action of the fourth class in the Municipal Court of Chicago, to recover for goods sold and delivered, affidavit of merits and statement of set-off examined and *held* properly striken.

2.  MUNICIPAL COURT OF CHICAGO, § 13*—*when uncertain statement of set-off properly stricken.* In an action of the fourth class in the Municipal Court of Chicago, to recover for merchandise sold and delivered, where the statement of set-off filed by the defendant is so

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

uncertain and indefinite as not to allow the court to tell therefrom how the defendant arrived at the amount of its claim, it is properly stricken.

3. Municipal Court of Chicago, § 13*—*when statement of set-off properly stricken.* In an action of the fourth class in the Municipal Court of Chicago, to recover for merchandise sold and delivered, where there is no showing that defendant's claim of set-off grew out of the purchases for which plaintiff seeks to recover, and the damages sought to be set off are unliquidated, such statement is properly stricken.